UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------x

REGINALD MONROE,                                  :

                Petitioner,             :     **MEMORANDUM DECISION**

         - v -                                     :     16-CV-04788 (DC)

THOMAS GRIFFIN,                                   :

                Respondent.             :

------------------------------------x

APPEARANCES:       REGINALD MONROE
                            Petitioner Pro Se
                            12A0225
                            Green Haven Correctional Facility
                            P.O. Box 4000
                            594 Route 216
                            Stormville, NY  12582

                            MELINDA KATZ, Esq.
                            District Attorney, Queens County
                            By:     John M. Castellano, Esq.
                                    Ellen C. Abbot, Esq.
                                    Assistant District Attorneys
                            125-01 Queens Boulevard
                            Kew Gardens, NY  11415
                                Attorney for Respondent

CHIN, Circuit Judge:

        On March 29, 2023, this Court denied petitioner Reginald Monroe's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition").

Dkt. 37. On May 3, 2023, Monroe timely filed a motion under Federal Rule of Civil Procedure 60(b)(6) requesting that I vacate the judgment denying the Petition. Dkt. 40. Monroe filed the motion to vacate after he filed a notice of appeal on April 12, 2023. *See* Dkt. 39. The United States Court of Appeals for the Second Circuit has held Monroe's notice of appeal in abeyance until the Court disposes of the motion to vacate. *See Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 157 n.4 (2d Cir. 2001). For the reasons that follow, Monroe's motion to vacate is DENIED.[1]

First, Monroe contends that the Court erroneously determined that his ineffective assistance of counsel claim is procedurally barred. *See* Dkt. 40 at 2. Because this portion of the motion arguably attacks the habeas proceeding rather than the underlying conviction, it is properly lodged under Rule 60(b)(6), and I proceed to evaluate its merits. *See Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) ("[R]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction.").

Monroe is incorrect. It is well-established that before seeking federal habeas relief, a state habeas petitioner must exhaust his state remedies by presenting his constitutional claims to the state courts. 28 U.S.C. § 2254(b)(1). A constitutional claim is

---

[1]  This Memorandum Decision assumes familiarity with the facts underlying the Petition; the history of Monroe's trial, direct appeal, and collateral proceedings; and my Memorandum Decision of March 29, 2023, to all of which I refer only as necessary.

not exhausted until it has been "fairly presented" to the state courts. *Bierenbaum v. Graham*, 607 F.3d 36, 47 (2d Cir. 2010) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). A petitioner satisfies the fair presentation aspect of the exhaustion requirement by presenting the essential factual and legal premises of his federal constitutional claim to the highest state court. *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005); *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994) ("To fulfill the exhaustion requirement, a petitioner must have presented the substance of his federal claims to the highest court of the pertinent state." (internal quotation marks and citation omitted)).

In New York, a defendant may seek leave to appeal to the New York Court of Appeals from an Appellate Division denial of a *coram nobis* petition, which leave must be sought within thirty days of the appellate order. *See* N.Y. Crim. Proc. Law §§ 450.90(1), 460.10(5)(a); *see also Francois v. Warden of Sullivan Corr. Facility*, No. 12-CV-5333, 2016 WL 4435215, at *4 (E.D.N.Y. Aug. 19, 2016). "Where that time to appeal a *coram nobis* decision has expired, the claims in the petition are deemed exhausted but procedurally barred." *Francois*, 2016 WL 4435215, at *4; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (concluding that a petitioner's failure to timely present three of his federal habeas claims to the state's highest court has resulted in a procedural default of those claims).

Here, on January 11, 2017, the Second Department denied Monroe's petition for a writ of *coram nobis*, concluding that he "failed to establish that he was denied the effective assistance of appellate counsel." *People v. Monroe*, 43 N.Y.S.3d 922,

3

922 (2d Dep't 2017). Monroe did not seek leave to appeal to the New York Court of Appeals from the Appellate Division's denial of his petition for a writ of error *coram nobis*. Thus, he did not present the ineffective assistance of counsel claim to the state's highest court in a timely fashion. As a result, his ineffective assistance of counsel claim is procedurally barred. *Id.*

Monroe cites *People v. Adams* for its proposition that "no application for leave to appeal pursuant to CPL 460.20 will lie from the order of the Appellate Division denying an application for a writ of error coram nobis." 624 N.E.2d 175, 175 (N.Y. 1993). This case, however, was decided before New York law changed in 2002 to allow petitioners to seek leave to appeal from the denial of *coram nobis* petitions. *See Clemente v. Lee*, No. 21-279-PR, 2023 WL 4340138, at *7 (2d Cir. July 5, 2023) ("After November 1, 2002, New York Criminal Procedure Law § 450.90, as amended (*see* 2002 N.Y. Sess. Laws ch. 498 (amending § 450.90)), affords petitioners the opportunity to seek leave to appeal from the Appellate Division's denial of a petition for writ of error coram nobis alleging wrongful deprivation of appellate counsel to the Court of Appeals."); *Cain v. Herbert*, No. 02-CV-3956, 2005 WL 2671538, at *2 n.3 (E.D.N.Y. Oct. 20, 2005). Thus, the Court did not err in concluding that Monroe's ineffective assistance of counsel claim is procedurally barred.

The remainder of Monroe's motion rehashes arguments contained in the Petition. Even construing the remainder of the motion liberally, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), none of Monroe's remaining arguments merits

4

relief under Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) affords relief only in "extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 123 (2017). As noted above, in the habeas context, Rule 60(b) relief is available only when a motion "attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." *Harris*, 367 F.3d at 77. "[A] Rule 60(b) motion that *attacks the underlying conviction* presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to this Court for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Id.* at 82 (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)).

Monroe argues, as he did in the Petition, that his appellate counsel erred by failing to raise claims that his Sixth Amendment right to confrontation was violated and that the trial court abused its discretion by failing to remove the third-degree weapon possession charge from the jury's consideration before it rendered its verdict. *See, e.g.*, Dkt. 2 at 31-32, 39-40. Monroe asks the Court to "revisit" these arguments and does not assert extraordinary circumstances that warrant reopening the final judgment. Dkt. 40 at 2. Furthermore, the arguments attack the underlying conviction rather than the integrity of the habeas proceeding. *Harris*, 367 F.3d at 77. Thus, I deny the remainder of the motion as

beyond the scope of Rule 60(b). *See id.*[2] I note also that as Monroe has already filed a notice of appeal, the issues are before the Second Circuit.

For all these reasons, I conclude that Monroe has failed to establish any of the bases for relief enumerated in Fed. R. Civ. P. 60(b). Monroe's motion for reconsideration is therefore denied. The Clerk of the Court shall mail a copy of this decision to Monroe at his last known address.

I have also revised slightly my original Memorandum Decision, dated March 29, 2023, and filed today an Amended Memorandum Decision. The Clerk of the Court shall also mail a copy of the Amended Memorandum Decision to Monroe.

SO ORDERED.

Dated: New York, New York
July 20, 2023

DENNY CHIN
United States Circuit Judge
Sitting by Designation

---

[2] Monroe also requests an evidentiary hearing and the appointment of counsel. Dkt. 40 at 2-3. The Supreme Court has held that "the decision to grant an evidentiary hearing [is] generally left to the sound discretion of district courts." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). As I have concluded that the state court record precludes habeas relief, Monroe's request for an evidentiary hearing is also denied.